Upon the words of the Revised Statute the action is maintainable; and it will appear perfectly plain to one who traces the progress of our statute-law upon this subject to its present state.
Originally, an imprisoned debtor could no more call on the jailer or creditor for food than for clothing. The act of 1773 left the law unaltered, except that in section 9 it (422) provided that, if a debtor, not able to pay his prison fees, should after the expiration of twenty days be discharged by the creditors, the jailer might recover his fees from the creditor. Ire. Rev., 185; Turrentine v. Murphy, 5 N.C. 180. Then, in 1821, it was enacted that the jailer should furnish necessary food to a debtor in prison, if required; and it entitled the jailer to charge therefor the legal fees for keeping prisoners, and, if the prisoners should be unable to pay them, to recover them from the creditor — with a proviso, however, that the jailer should not be obliged to furnish the food nor allowed to recover for it from the creditor for a longer time than twenty days. Those acts are plainly expressed and rest upon a just principle. *Page 304 
If the creditor choose to discharge the debtor, the jailer cannot detain him in order to coerce payment for the food supplied to him. Therefore it was right the creditor should be required to make the debt good, if it could not be got from the debtor, because he was not "an insolvent person." So the second act very properly required the creditor to provide reasonable food for his imprisoned insolvent debtor, rather than he should go without, or the burden of supplying it should fall on the jailer or other charitable persons. But it was then obviously deemed not right to extend that new privilege of the debtor to a longer term than that for which the law deprived him of the other privilege of a discharge upon his oath of insolvency. For, if he was insolvent, it was his fault not to take the oath as soon as he was allowed to do it, and he could have no right under such circumstances to refuse to take the oath, in order that he might be maintained in jail at his creditor's charge. But if, in fact, he was not insolvent, and for that reason could not take the oath and entitle himself to his discharge, then he ought to be maintained out of his own means, and not by his keeper or creditor. Hence, the act fixed upon twenty days as that to which the obligation (423) of the jailer and creditor to find and pay for the debtor's food should be limited; because that was the period at which, if he would, the debtor might establish his insolvency by his oath and be discharged. The next step was to pass the act of 1836, ch. 58, sec. 6, by which it is enacted, as in 1821, that the jailer shall furnish the debtor with food, should he require it, and that he may, if the prisoner be unable to pay the fees therefor, recover them from the creditor. Then, in lieu of the proviso, comes this further enactment: "and when the debtor shall have remained in jail for the space of twenty days, it shall be lawful for the jailer to give notice thereof to the plaintiff, his agent or attorney, and demand security from him for the prison fees that may arise after the expiration of twenty days, and if he shall fail to give such security, then to discharge such debtor out of custody." The act thus plainly imposes a positive injunction on the jailer to maintain the debtor indefinitely, or so long as he is kept in jail, and makes the creditor liable therefor from the beginning to the ending of the imprisonment, although the debtor will not take the oath of insolvency. Those affirmative provisions are subjected to but a single qualification, and that makes the matter stronger against the creditor, which is, that the jailer shall not be obliged to trust the creditor alone for the fees accruing after the first twenty days, but may require security for them, and, if the creditor should not give it upon request, the jailer may let the prisoner at large. The *Page 305 
liability of the creditor is, therefore, absolute under all circumstances, provided only the debtor be found not to be able to pay the fees; and, besides, the creditor must beforehand secure the payment, upon pain, on his inability or omission to do so, of having his debtor turned out of prison. That seems to be the clear sense of the statute. It is true, it may put great hardships on creditors, as it allows the debtor to live in (424) jail as long as he chooses, at the expense of his creditor, or enforces his creditor to agree to his discharge without bringing him to his oath, and thereby may enable a dishonest debtor to conceal and retain property. But those are consequences for the attention of the Legislature, upon consideration of which the statute may be modified. They cannot be regarded by the Court so as, by construction, to control the plain language in which the act is now expressed.
PER CURIAM. Judgment affirmed.